United States Bankruptcy Court
Middle District of Florida

In re:                                                                    Case No. 13-06404-CPM
Jennifer Kaye Marlow                                                      Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 113A-8          User: cellil            Page 1 of 1           Date Rcvd: Jan 27, 2014
                              Form ID: B18            Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 29, 2014.
```
cr           +JP Morgan Chase Bank, N.A.,   Choice Legal Group, P.A.,   1800 NW 49th Street, Suite 120,
               Fort Lauderdale, FL 33309-3092
23468451     +ABRAMS DERMATOLOGY,   3328 BEE RIDGE ROAD,   SARASOTA, FL 34239-7213
23468449     +CHASE HOME FINANCE LLC,   P.O. BOX24696,   COLUMBUS, OH 43224-0696
23468414     +GECC,   5775 GLENRIDGE DR.,   BUILDING E, SUITE 300,   ATLANTA, GA 30328-5380
23468450     +SARASOTA MEMORIAL HOSPITAL,   1700 S. TAMIAMI TRAIL,   SARASOTA, FL 34239-3555
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr            EDI: BBASCHARRER.COM Jan 27 2014 23:39:00      Beth Ann Scharrer,   Trustee,   PO Box 4550,
               Seminole, FL  33775-4550
ust          +E-mail/Text: ustpregion21.tp.ecf@usdoj.gov Jan 27 2014 23:38:54
               United States Trustee - TPA7/13,   Timberlake Annex, Suite 1200,   501 E Polk Street,
               Tampa, FL 33602-3949
cr            EDI: RECOVERYCORP.COM Jan 27 2014 23:38:00      Recovery Management Systems Corp.,
               Attn: Ramesh Singh,   25 SE Second Avenue, Ste 1120,   Miami, FL  33131-1605
23468418      Fax: 727-445-6301 Jan 27 2014 23:51:46      ACHIEVA CREDIT UNION,   P.O. BOX 2650,
               LARGO FL 33779-2650
23468452     +E-mail/Text: hzamora@amsurg.com Jan 27 2014 23:39:00      BAYVIEW ENDOSCOPY CENTER,
               2800 BAHIA VISTA STREET,   SARASOTA, FL 34239-2710
23467940      EDI: FLDEPREV.COM Jan 27 2014 23:41:00      Department of Revenue,   PO Box 6668,
               Tallahassee, FL 32314-6668
23468417     +E-mail/Text: bankruptcy@gulfcoastcollection.com Jan 27 2014 23:37:43
               GULF COAST COLLECTION BUREAU,   SARASOTA ER PHYSICIANS,   5630 MARQUESAS CIRCLE,
               SARASOTA, FL 34233-3331
23468415      EDI: IRS.COM Jan 27 2014 23:40:00      INTERNAL REVENUE SERVICE,   P.O. BOX 69,
               MEMPHIS, TN 38101-0069
23467939      EDI: IRS.COM Jan 27 2014 23:40:00      Internal Revenue Service,   P.O. Box 7346,
               Philadelphia, PA 19101-7346
23468416     +EDI: RESURGENT.COM Jan 27 2014 23:39:00      LVNV FUNDING LLC,   P.O. BOX 10497,
               GREENVILLE, SC 29603-0497
23849435      EDI: RESURGENT.COM Jan 27 2014 23:39:00      LVNV Funding, LLC its successors and assigns as,
               assignee of Citibank, N.A.,   Resurgent Capital Services,   PO Box 10587,
               Greenville, SC 29603-0587
23567613      EDI: RECOVERYCORP.COM Jan 27 2014 23:38:00      Recovery Management Systems Corporation,
               25 S.E. 2nd Avenue, Suite 1120,   Miami, FL 33131-1605
                                                                                              TOTAL: 12
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 29, 2014                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 27, 2014 at the address(es) listed below:
```
              Beth Ann Scharrer    bethscharrer@tampabay.rr.com, fl28@ecfcbis.com
              Jennifer Kaye Marlow    jkm1@libertymall.biz
              Scott R Weiss   on behalf of Creditor   JP Morgan Chase Bank, N.A. scott.weiss@clegalgroup.com,
               Jairo.Garcia@clegalgroup.com;BKMailFromCourt@clegalgroup.com
              United States Trustee - TPA7/13, 7   USTPRegion21.TP.ECF@USDOJ.GOV
                                                                                             TOTAL: 4
```

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

Middle District of Florida

Case No. 8:13−bk−06404−CPM

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Jennifer Kaye Marlow
   c/o 94 Tatum Road
   Sarasota, FL 34240

Social Security No.:
   xxx−xx−4554

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

_____
Dated: January 27, 2014     Catherine Peek McEwen
                            United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7 , the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**